UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTHONY BUSSIE,

       Plaintiff,

  v.

PREET BHARARA, U.S. Attorney, and
LEWIS A. KAPLAN, U.S. District Judge,

       Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-1342 (MKB)

-----------------------------------------------------------------

ANTHONY BUSSIE,

       Plaintiff,

  v.

JACOB J. LEW, Treasury Secretary, J. RUSSELL
GEORGE, Treasury Inspector General, JOHN
BOEHNER, House Speaker, ROBERT E.
ANDREWS, District Congressman, LORETTA
LYNCH, Attorney General, JANET YELLEN,
Federal Reserve Board Chair, JAMES COMEY,
FBI Director, and JOSEPH BIDEN, Vice President,

       Defendants.

16-CV-2511 (MKB)

-----------------------------------------------------------------

ANTHONY BUSSIE,

       Plaintiff,

  v.

JACOB J. LEW, Treasury Secretary, LORETTA
LYNCH, Attorney General, SPECIAL
INSPECTOR GENERAL FOR TROUBLE
ASSET RELIEF, MILITARY COURT, PAUL
RYAN, House Speaker, and JOSEPH BIDEN, Vice
President,

       Defendants.

16-CV-3780 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On March 11, 2016, May 13, 2016 and June 30, 2016, Plaintiff Anthony Bussie, proceeding *pro se* and currently civilly detained at the Federal Medical Center in Butner, North Carolina, commenced the above-captioned three actions, bringing claims against Defendants. The Complaints are consolidated for the purpose of this Memorandum and Order. Plaintiff's requests to proceed *in forma pauperis,* filed April 8, 2016, June 17, 2016 and July 25, 2016 are granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Complaints are dismissed, and Plaintiff is warned against the filing of further frivolous actions.

## I. Background

### a. Factual background

Plaintiff was being held in federal custody on allegations that he threatened to harm a member of the United States Congress. *See Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802, at *1 (E.D.N.Y. Dec. 22, 2014); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 245 (E.D.N.Y. 2014); *United States v. Bussie*, No. 12-CR-229 (filed Jan. 12, 2012, D.N.J.). Court records indicate that on or about April 2, 2015, Plaintiff was ordered civilly committed pursuant to 18 U.S.C. § 4246(d). *See* Commitment Order in *United States v. Bussie,* No. 14-CV-2186 (E.D.N.C. Apr. 2, 2015), Docket Entry No. 16; *see also United States v. Bussie*, --- F. Appx. ---, ---, 2016 WL 828109 (4th Cir. Mar. 3, 2016) (affirming the district court's determination that Plaintiff "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another"). Plaintiff was determined to be mentally incompetent to stand trial, and on April 16, 2015, the criminal charges against Plaintiff were dismissed without prejudice. *United States v.*

2

*Bussie*, No. 12-CR-229, slip. op. at 1 (D.N.J. Apr. 16, 2015) (dismissal order, Docket Entry No. 43). Plaintiff remains detained at the Federal Medical Center in Butner, North Carolina, where he was committed.

The Complaint in *Bussie v. Bharara*, No. 16-CV-1342, names as defendants a federal judge and the United States Attorney for the Southern District of New York. The Complaint appears to pose questions about "collective bargaining agreements" for Plaintiff and two others — Khalid Sheikh Mohammed ("Mohammed"), a suspect in the September 11, 2001 terrorist attack, and Sulaiman Abu Ghaith, a man regarded as an Al-Qaeda spokesman. (Compl. 2, Docket Entry No. 1.) The Court cannot identify the relief Plaintiff seeks.

The Complaint in *Bussie v. Lew*, No. 16-CV-2511, names as defendants eight high-ranking federal officials, including the Vice President of the United States, the Treasury Secretary, the Attorney General of the United States and the Speaker of the House. It is unclear how the allegations are connected to these individuals. The Complaint seeks to "challenge the public debt" and to have payments made directly to Plaintiff. (Compl. 8, Docket Entry No. 1.) Plaintiff appears to seek declaratory judgment and monetary damages. (Compl. 11–14.)

The Complaint in *Bussie v. Lew*, No. 16-CV-3780, names as defendants the Treasury Secretary, the Vice President, the Attorney General and the Speaker of the House, as well as the "Military Court" and the "Special Inspector General for the Trouble Asset Relief Program." The Court cannot identify the nature of the claims or the relief the Plaintiff seeks.

    **b. Plaintiff's litigation history**

These are Plaintiff's tenth, eleventh and twelfth cases filed in the Eastern District of New York, but Plaintiff has filed over 100 actions in district courts across the United States and is

under a filing injunction in the District of New Jersey, his pre-incarceration domicile. *See U.S. Party/Case Index, available at* https://pacer/uspci.uscourts.gov (last visited Aug. 22, 2016); *Conjured Up Entertainment v. United States*, No. 11-CV-2824 (D.N.J. July 26, 2011). In this Court, his actions have either been dismissed as frivolous under 28 U.S.C. § 1915A(b), *see Bussie v. Dep't of Defense*, No. 13-CV-4574, 2013 WL 5348311, at *2 (E.D.N.Y. Sept. 23, 2013); for lack of jurisdiction, *see Bussie v. Fed. Pub. Defender Org.*, No. 15-CV-4722 (dismissal order, Docket Entry No. 6), *Bussie v. United States of America,* 14-CV-7010 (dismissal order, Docket Entry No. 4); for failure to comply with filing requirements, *see Bussie v. Pelosky,* 15-CV-6220 (dismissal order, Docket Entry No. 4), *Bussie v. Boeher*, No. 15-CV-2464 (dismissal order, Docket Entry No. 6); or as barred by the Prison Litigation Reform Act ("PLRA") three strikes provision,[1] *see Bussie v. Bharara*, No. 15-CV-3237 (dismissal order, Docket Entry No. 6); *Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802,

---

[1] Although Plaintiff is hospitalized in a federal facility pursuant to 18 U.S.C. § 4246(d), the circuit courts who have considered this issue have determined that a person committed to the custody of the Attorney General of the United States under 18 U.S.C. § 4246(d) is not a "prisoner" under the PLRA. *See Hicks v. James*, 255 F. App'x 744, 748 (4th Cir. 2007) (finding that Hicks' detention pursuant to 18 U.S.C. § 4246 "does not meet the PLRA's definition of a prisoner) (collecting cases from the 4th, 8th, 9th and 11th circuits). The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Because Plaintiff's "detention under § 4246 is not the result of a violation of criminal law and does not relate to conditions of parole, probation, pretrial release, or a diversionary program, he does not meet the PLRA's definition of prisoner." *Hicks*, 255 F. App'x at 748. Because Plaintiff's status has changed from a pretrial detainee to an individual hospitalized pursuant to a § 4246 commitment order, and his appeal seeking review of his commitment order has been decided, he is no longer considered a prisoner under the PLRA and the Court may no longer apply the PLRA's three strike provision to deny his request to proceed *in forma pauperis.* The Court may, however, review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which applies to any proceeding *in forma pauperis.*

at *2 (E.D.N.Y. Dec. 22, 2014); *Bussie v. Gov. Accountability Office*, No. 14-CV-2665, 2014 WL 2178212, at *2 (E.D.N.Y. May 23, 2014); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 246 (E.D.N.Y. 2014).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v.*

*Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

b. **Plaintiff's actions are frivolous**

"An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* (citations and internal quotation marks omitted). The Supreme Court has noted that:

> [T]he *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

Plaintiff's allegations in each of the three Complaints are frivolous, incomprehensible and lacking an arguable basis in law. Plaintiff makes no factual allegations that could arguably

6

support a claim. Instead he makes unrelated and disconnected statements. *See, e.g.*, *Bussie v. Bharara*, No. 16-CV-1342 ("[C]ommunication to Attorney General [Federal Court Judge and Congress] to enforce spending for good collective agreement."); *Bussie v. Lew*, No. 16-CV-2511 ("[W]ide shared service IRS named Kevin McIver . . . found Treasurer Inspector General J. Russell George worked improperly related to federal tax debt, felony conviction contractor."); *Bussie v Lew*, No. 16-CV-3780 ("[D]efendants . . . in the matter of Khalid Sheik Mohammed . . . to understand the issue of unpaid salary" and "to seek arbitration pay and understand . . . Bussie, KSM (9/11 master mind) and defendant Treasurer duties."). Nor does Plaintiff seek any identifiable relief. *See, e.g.*, *Bussie v. Bharara*, No. 16-CV-1342 (describing relief sought as "[u]nable to represent as an Attorney," "convicted by the United States of America for 9/11 terrorist attack conspiracy captioned US v. Abu Ghaith," and "United States were able to find a good collective bargaining agreement to convict Abu Ghaith faithfully, or no clear errors"); *Bussie v. Lew*, No. 16-CV-2511 (compelling the Court "to move a lying public debt title to the Department of Labor to compensate Anthony Bussie upon his release at Camden, NJ unemployment claim"); *Bussie v Lew*, No. 16-CV-3780 (demanding that the Court "respect pay under omnibus clause and other"). Accordingly, the Court dismisses the actions as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits.").

While the Court would ordinarily allow Plaintiff an opportunity to amend his pleadings, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here, where it is clear from the face of the Complaints that the claims are frivolous. *See Cuocu v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that although a court should grant leave to replead "when a

liberal reading of the complaint gives any indication that a valid claim might be stated," if the problem is "substantive; [and] better pleading will not cure it," repleading would be futile and should be denied).

### III. Conclusion

Accordingly, the Court dismisses these complaints as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is hereby notified that if he makes any further frivolous filings, the Court may direct Plaintiff to show cause why an order barring him from filing any future *in forma pauperis* actions without first obtaining leave of Court should not be entered. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 24, 2016
       Brooklyn, New York